IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RONNIE TURNER,                    §<br>           Petitioner,          §<br>                                   §<br>v.                                 §<br>                                   §<br>DOUGLAS DRETKE, DIRECTOR,          §<br>TEXAS DEPARTMENT OF CRIMINAL       §<br>JUSTICE, CORRECTIONAL INSTITUTIONS §<br>DIVISION,                          §<br>           Respondent.            § | Civil Action No. 4:05-CV-0812-A |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Ronnie Turner, TDCJ-ID #0183591, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Henderson, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. PROCEDURAL HISTORY

On November 2, 2005, a jury found Turner guilty of aggravated robbery with a deadly weapon in Case No. 0941085D in the Criminal District Court Number Three of Tarrant County,

Texas, and the court assessed his punishment at forty-five years' confinement. (Pet'r Brief, Exhibit 1.) On the same date, Turner filed a notice of appeal. (*Id.*, Exhibit 2.) Turner's direct appeal remains pending at this time. (Resp't Answer, Exhibits 2 & 3.) In addition, Turner filed a state application for habeas relief. The state habeas proceeding also remains pending at this time.[1] (*Id.*, Exhibit 4.) *Ex parte Turner*, Application No. WR-63,583-01. Turner filed his federal petition on December 19, 2005.[2] Dretke has filed an answer supported by a brief and documentary exhibits, arguing that the petition should be dismissed on exhaustion grounds.[3] (Resp't Answer at 4.)

### D.  RULE 5 STATEMENT

Dretke asserts that Turner has failed to exhaust his state remedies as to the claims presented in his federal petition because Turner has not completed the state direct review and/or habeas process.

### E.  EXHAUSTION OF REMEDIES IN STATE COURT

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[4]; *Fisher v. Texas*,

---

[1] Case information is available on the state court's website at http://www.cca.courts.state.tx.

[2] Typically, a pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Turner does not, however, indicate in the petition the date he placed the petition in the prison mailing system and, thus, is not entitled to the benefit of the "mailbox" rule.

[3] It appears that Turner has filed both pretrial and postconviction federal habeas petitions in this court relevant to his conviction in Case No. 0941085 and/or his conviction on the same date in Case No. 0941089. *See Turner v. Dretke*, Civil Action No. 4:06-CV-0079-Y (pending); *Turner v. Anderson*, Civil Action No. 4:05-CV-620-Y (dismissed on exhaustion grounds); *Turner v. Dretke*, Civil Action Nos. 4:05-CV-651 & 4:05-CV-556-A (dismissed on exhaustion grounds).

[4] The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

(continued...)

2

169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or a postconviction state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).

Turner's claims have not been properly exhausted in state court. Both Turner's direct appeal and his state habeas application remain pending at this time; thus, the Texas Court of Criminal

---

[4](...continued)
    (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . .

    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Appeals has not reviewed his claims and rendered a decision. Accordingly, a ruling from the federal court at this juncture would be premature. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").

Turner must first pursue his claims by way of a petition for discretionary review or state postconviction writ of habeas corpus to completion. Only after his state remedies are concluded may he attack his conviction or sentence in this court by way of a federal petition pursuant to 28 U.S.C. § 2254. *See id.* Absent a showing that state remedies are inadequate, such showing not having been demonstrated, Turner cannot now proceed in this court in habeas corpus. *See* 28 U.S.C. § 2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that Turner can fully exhaust his state remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

## II.  RECOMMENDATION

It is therefore recommended that Turner's petition for writ of habeas corpus be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 17, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 17, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 24, 2006.

                                               /s/   Charles Bleil
                                              CHARLES BLEIL
                                              UNITED STATES MAGISTRATE JUDGE